People v Pantoja (2019 NY Slip Op 04236)





People v Pantoja


2019 NY Slip Op 04236


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

109835

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JONATHAN J. PANTOJA, Appellant.

Calendar Date: April 25, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Theresa M. Suozzi, Saratoga Springs, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.P.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered September 12, 2017, convicting defendant upon his plea of guilty of the crime of disseminating indecent material to minors in the first degree.
Defendant pleaded guilty to a superior court information charging him with disseminating indecent material to minors in the first degree and waived his right to appeal. County Court sentenced defendant in accordance with the terms of the plea agreement to a prison term of 2 to 4 years to run consecutively to a parole violation sentence he was currently serving. Defendant appeals.
Contrary to defendant's contention, the record reflects that he knowingly, voluntarily and intelligently waived his right to appeal — both orally and in writing — after he expressly acknowledged that he understood the separate and distinct nature of the waiver of the right to appeal from those rights automatically forfeited by the plea and the consequences thereof (see People v Martinez, 166 AD3d 1376, 1377 [2018], lv denied 32 NY3d 1207 [2019]; People v Strack, 166 AD3d 1171, 1172 [2018], lv denied 32 NY3d 1210 [2019]). Defendant's challenge to the severity of the agreed-upon sentence is, therefore, precluded by the valid appeal waiver (see People v Horton, 167 AD3d 1166, 1167 [2018]; People v Robinson, 161 AD3d 1218, 1219 [2018], lv denied 31 NY3d 1152 [2018]).
Defendant also contends that his plea was involuntary because he was rushed, confused and under pressure from his counsel and did not fully understand the consequences of the plea, particularly with regard to sentencing. Although not precluded by his waiver of the right to appeal, the record does not reflect that defendant made an appropriate postallocution motion in order to preserve this claim for our review (see People v Harrington, 165 AD3d 1342, 1343 [2018]; People v Lamb, 162 AD3d 1395, 1396 [2018], lv denied 32 NY3d 1112 [2018]). Moreover, the narrow exception to the preservation rule is inapplicable (see People v Neaton, [*2]166 AD3d 1230, 1231 [2018], lv denied 32 NY3d 1176 [2019]). Although defendant made statements during the presentence interview denying his guilt, County Court, after adjourning the matter at sentencing in order for defendant to confer with counsel, made further inquiry regarding defendant's statement in order to ensure that defendant's plea — which he reaffirmed at sentencing — was knowing, voluntary and intelligent (see People v Young, 158 AD3d 955, 956 [2018], lv denied 31 NY3d 1090 [2018]; People v Easter, 122 AD3d 1073, 1073-1074 [2014], lv denied 24 NY3d 1219 [2015]).
Clark, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.